Claim. Homestead. Estoppel. Before Judge MAR-
TIN. Harris superior court. October term, 1891.

Execution against Sparks was levied, and he inter-
posed his affidavit of illegality upon which issue was
joined; and a verdict against the affidavit of illegality
was rendered, and judgment was entered ordering the
execution to proceed, at the April term, 1888. See the
facts reported in 82 *Ga.* 294. After that decision Sparks
had set apart to himself as the head of a family a home-
stead in certain property; and the execution having been
levied thereon, he interposed his claim as head of a fam-
ily under and by virtue of the homestead. At the trial
appeared in evidence the promissory notes signed by
Sparks, upon which was based the judgment from which
the execution issued. These notes contain a waiver of
homestead and exemption. The property was found
subject. The assignments of error are:

1. In admitting in evidence the record in the illegality
case, over objection that it was between other parties
and in another case, and could not bind the parties in
this case.

2. In charging the jury that the claimant as head of
a family was bound by the verdict in the illegality case,
and could not take advantage in the claim case more
than he could in his individual capacity.

THORNTON & MCMICHAEL and H. C. CAMERON, for
plaintiff in error.

GOETCHIUS & CHAPPELL, *contra.*

---

### JONES *v.* JONES.

It does not affirmatively appear that the court erred in striking the
plea of fraud, inasmuch as the record of the case in which the
decree was obtained is not set forth, nor any of its contents stated
or recited, so as to show that the fraud complained of was ma-

terial or had any relation to the grounds of relief upon which the
decree was rendered.                    *Judgment affirmed.*

August 1, 1892.

Pleading and practice.  Fraud.  Before Judge MAR-
TIN.   Harris superior court.   April term, 1891.

Complaint for land was brought by James J. Jones
against Miss Lucy Ann Jones, to the April term, 1888,
of Harris superior court.  The abstract of title was:
"Decree at Oct. term, 1877, vesting title to [the premises
in dispute] in James J. Jones and giving use and posses-
sion to Miss Lucy Ann Jones during her life and in fee
to James J. Jones, he to take possession at her death.
Decree at Harris superior court Oct. term, 1877."  By
amendment the plaintiff alleged that at the October
term, 1877, of Harris superior court, a decree was ren-
dered in his favor in an action between him and Mrs.
Ann Jones, by virtue of which decree the title to said
land in remainder was vested in him, while a life-estate
was decreed in her, and that she died in June, 1885.
The plaintiff recovered, and the defendant excepted to
the striking of her second plea, which alleged as fol-
lows:   The decree relied on to recover the premises in
dispute was obtained by fraud, and is void and of no
effect, for that Ann Jones, the mother of plaintiff and
defendant, at the time it was rendered was greatly ad-
vanced in age and quite feeble, and her mind greatly
impaired.   The plaintiff filed his bill against her and
made her believe that he had the power and would turn
her out of doors upon the cold charity of the world, and
falsely and fraudulently represented to her that he was
entitled to have a decree vesting the title in him to said
premises, and that he had paid the purchase money, and
the court would give him the land; and Ann Jones,
"by reason of her extreme age and impaired mind, did
not understand her right or what was being done and
made fear and the said James J. Jones permitted him

to have the decree described in plaintiff's abstract." That he had the power to put her out of possession, and that he had paid the purchase money for the land and was entitled to have the title vested in him, was false and untrue; she paid the entire purchase money herself. She died and left defendant as her heir at law in possession of the premises in dispute.

C. J. THORNTON, for plaintiff in error.

PEABODY, BRANNON & HATCHER and J. H. WORRILL, contra.

---

BEDGOOD & ROYAL v. McLAIN, and vice versa.

1. Where interlineations in a deed are in the handwriting of the officer who attested it officially, the presumption is that they were made at or before the execution of the instrument.

2. The act of February 28, 1874, touching the taxation of wild lands and a sale of such lands for non-payment of taxes, was operative upon the lands of minors who were represented by guardian both at the time the taxes accrued and when the sale was made, such guardian, although not clothed with the legal title, being embraced within the terms "legal representative," as contained in the 21st section of said act. The court erred in charging the jury to the contrary of this, and in excluding the evidence offered to prove that the minor in question had a guardian.

3. An execution for taxes issued by the comptroller-general against wild lands under the act of 1874 is not void because directed to all and singular the sheriffs of the State, instead of the sheriff of the county in which the land lies, though the act by its letter prescribes the latter as the proper direction, the levy having been in fact made by the sheriff of the county. Warren v. Purtell, 63 Ga. 428. Sections 890, 893 of the code apply as well to sales made under execution issued by the comptroller-general as to sales made under execution issued by the tax-collector of any county.

4. Where the tax fi. fa. under which land was sold was by mistake misdescribed in the deed made by the sheriff to the purchaser, which misdescription consisted of a recital that the tax execution had been transferred to a named person, the mistake may be pleaded by the defendant in a suit brought against him for the recovery of the land, and parol evidence is admissible to prove such mistake in connection with the fact that the execution, being produced in evidence, has no transfer entered upon it; and this